## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Township of Sewickley         : | |
| : | |
| v.       : | |
| : | |
| Tracy Hampshire and David    : | |
| Hampshire, a married couple;    : | |
| and Sewickley Township Zoning   : | |
| Hearing Board         : | |
| : | |
| v.       : | |
| : | |
| Jonathan C. Turik and Kelly A.   : | |
| Turik, a married couple    : | |
| : | |
| Appeal of: Tracy Hampshire and  : | No. 2117 C.D. 2014 |
| David Hampshire       : | Submitted: November 16, 2015 |

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
               HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY            FILED: January 28, 2016

Tracy and David Hampshire (collectively, Appellants) appeal from an order of the Court of Common Pleas of Westmoreland County (common pleas court) which reversed the decision of the Sewickley Township Zoning Hearing Board's (ZHB) determination that Ordinance 2012-6 created an illegal spot zone.[1]

---

[1] Jonathan C. Turik and Kelly A. Turik (the Turiks) joined as Intervenors.

# I. ZHB's Opinion, Findings Of Fact And Conclusions Of Law

## <u>Opinion</u>

. . . Prior to the hearing the parties entered into a stipulation stating that the area subject to the zoning change in this case is 2.19 acres with the Township property consisting of 1.5 acres and the Turik property consisting of .69 acres. The solicitor for Sewickley Township stipulated that only one hearing was held and that the matter was advertised in a local newspaper rather than in two local newspapers.

Findings of Fact:

1. <u>The advertising and notice and hearings conducted by the Township of Sewickley were appropriate under case law</u>. (Emphasis added.)

2. The primary area involved is single family with various small lots.

3. The parcel owned by the Appellants are [sic] the largest parcels in the district.

. . . .

5. <u>The ordinance being challenged is ordinance number 2012-6</u>. (Emphasis added.)

6. <u>The area being rezoned constitutes a small area in the applicable zoning district</u>. (Emphasis added.)

7. The rezoning would be for the economic benefit of the owners Jonathan C. and Kelly A. Turik.

8. <u>The rezoning would potentially cause a traffic and safety problem in the rezoned areas</u>. (Emphasis added.)

9. The rezoned [area is in] near proximity to the zoned area which would be able to accommodate a commercial property.

10. The municipal planning code requires only one public hearing relative to a zoning change.

Conclusions of Law:

On the basis of the testimony and records and stipulations submitted in this matter <u>the zoning hearing board is of the opinion that the rezoning amendment as accomplished by the Township of Sewickley constitutes an illegal spot zone</u>. (Emphasis added.)

. . . .

The rezoning constitutes a spot zoning in that it is singling out of one lot or a small area for different treatment from that accorded to similar surrounding land and indistinguishable from it in character and for economic benefit of the owner of that lot.

The rezoning of the parcels in question is treating them in an unjustifiably [sic] different from similar surrounding land and creating an island having no relevant differences from its neighbors.

<u>The board concludes that the validity challenge filed by David and Tracy Hampshire is appropriate in that the ordinance creates an illegal spot zone</u>. (Emphasis added.)

The Zoning Hearing of Sewickley Township's Opinion, September 20, 2013, Findings of Fact Nos. 1-3 and 5-10 at 1-2; Reproduced Record (R.R.) at 221a-22a.

## II. Notice Of Land Use Appeal

The Township of Sewickley (Township) appealed the ZHB's decision and alleged:

5. The Township holds title to a certain parcel of ground situate in Sewickley Township . . . having erected thereon a former school building now being used for library and recreation purposes . . . .

3

6. The Township Property is located in an area of Sewickley Township currently designated and zoned as P-1, Public Facilities. (Emphasis added.)

7. Turik holds title to a parcel of ground situate in Sewickley Township . . . which is currently vacant and adjacent to the Township Property. Said property was acquired by Deed dated October 13, 2011 . . . .

8. The Turik Property is located in an area of Sewickley Township currently identified and zoned as V-1, Rural Village. (Emphasis added.)

9. Applications for zoning changes as to both the Township Property and the Turik Property were received by the Township requesting that each parcel be rezoned and reclassified to the C-C, Community Commercial Zoning District. (Emphasis added.)

10. The applications for zoning changes were properly considered by the Sewickley Township Board of Supervisors and were approved by Ordinance No. 2012-6 as approved at a public meeting of the Sewickley Township Board of Supervisors held on October 17, 2012 . . . .

11. Subsequent to the adoption of Ordinance No. 2012-6, the Appellees Hampshire filed an appeal to the ZHB asserting that the adoption was invalid for two primary reasons; first, that Ordinance No. 2012-6 was not adopted properly in accordance with the provisions of the Ordinance; and second, that Ordinance No. 2012-6 created an area of improper spot zoning within Sewickley Township. (Emphasis added.)
. . . .
14. At the meeting of June 26, 2013, the ZHB determined that the challenge to Ordinance No. 2012-6 relating to the manner of the adoption thereof was denied but that the challenge asserting improper spot zoning was upheld . . . .

4

. . . .

16. The stated decision of the ZHB relating to the claim of spot zoning is contrary to law and without foundation for the following reasons:

a. . . . [R]epresentatives of the ZHB improperly asserted that the public facilities on the Township Property were 'grandfathered' into the underlying zoning district . . . .; (Emphasis added.)

b. In fact, the Township Property already was designated with the zoning classification of P-1, separate and distinct from all adjacent and surrounding properties; (Emphasis added.)

c. Ordinance No. 2012-6 as duly adopted is entitled to a presumption of validity; (Emphasis added.)

d. The statements of the ZHB members during deliberations indicated a belief that the mere size of the area in question for rezoning was sufficient to constitute a claim of spot zoning without making a determination as to whether the parcels in question were, in fact, distinguishable in character from the adjacent and surrounding parcels; and (Emphasis added.)

e. The actions of the Board of Supervisors are entitled to create [sic] latitude in matters of legislative discretion as is the case in the adoption of a zoning ordinance and/or map amendment.

Notice of Land Use Appeal, July 18, 2012, Paragraphs 5-11, 14, and 16 at 2-4; R.R. at 141a-43a.

### III. The Common Pleas Court's Decision

On appeal, the common pleas court reversed the ZHB's decision and concluded that "a reviewing court must presume that the zoning ordinance is valid and constitutional . . . [and] [w]ith no evidence to rebut this presumption, the Court

5

finds that the Sewickley Township Board of Supervisors properly enacted Ordinance No. 2012-6 in accordance with applicable law."[2]  Order of the Common Pleas Court, October 22, 2014, at 1-2.

## IV. Issue

On appeal, Appellants contend[3] that the common pleas court erred when it reversed the ZHB's decision that Township Ordinance 2012-6 changed the zoning of a small parcel of property which resulted in spot zoning.[4]  Specifically, Appellants assert that the common pleas court failed to credit the testimony and exhibits in support of the ZHB's findings of fact and conclusions of law.

The Township responds that "the responsibility was solely on the Appellants to meet the high burden to overcome the presumption of the validity of Ordinance [No. 2012-6] as adopted."  Brief for the Appellee Township of Sewickley at 2.

---

[2] The common pleas court determined that Appellants failed to offer any testimony at the ZHB hearing to sustain their burden that the rezoned parcels were indistinguishable from the surrounding land.

[3] In zoning cases where, as here, the common pleas court did not receive any additional evidence, this Court's review is limited to a determination of whether the zoning hearing board committed an error of law or a manifest abuse of discretion.  Hogan, Lepore & Hogan v. Pequea Township Zoning Board, 638 A.2d 464 (Pa. Cmwlth.), petition for allowance of appeal denied, 647 A.2d 905 (Pa. 1994).

[4] In Takacs v. Indian Lake Borough Zoning Hearing Board, 11 A.3d 587, 594 (Pa. Cmwlth. 2010), this Court defined the term "spot zoning":

> Spot zoning is a singling out of one lot or a small area for different treatment from that accorded to similar surrounding land indistinguishable from it in character, for the economic benefit or detriment of the owner of that lot . . . .  The most determinative factor in an analysis of spot zoning is whether the parcel in question is being treated unjustifiably different from similar surrounding land, thus creating an 'island' having no relevant difference from its neighbors . . . .  (Citations omitted.)

6

Additionally, the Turiks respond that "the burden of proving spot zoning is on the challenging party who must show that the provisions are arbitrary and unreasonable and have no relation to the public health, safety, morals and general welfare." Brief on Behalf of Intervenors, Summary of Argument at 7. The Turiks contend that Appellants' allegation that Ordinance 2012-6 would create a dangerous and unsafe condition due to increased traffic has no merit. Specifically, there was no evidence of any studies conducted to support the proposition that the rezoning of the property would cause traffic and safety problems.

The issue of whether Ordinance No. 2012-6 resulted in spot zoning was raised and argued before the common pleas court[5] and ably disposed of in the comprehensive order of the Honorable David A. Regoli, Judge of the Court of Common Pleas of Westmoreland County. Therefore, this Court shall affirm on the basis of Judge Regoli's October 22, 2014, order and opinion. <u>Township of Sewickley v. Tracy Hampshire and David Hampshire, a married couple, and</u>

---

[5] The common pleas court stated:
> AND NOW, to wit, this 30th day of December, 2014, a Notice of Appeal having been filed in the above-captioned matter by Appellants (Appellees below), Tracy Hampshire and David Hampshire, it is hereby noted that the reasons for the Court's October 22, 2014 Order of Court, which reversed the decision of the Zoning Hearing Board, were set forth at length in said Order. This Order is being entered to comply with the Pennsylvania Rule of Appellate Procedure 1925(a).

Rule 1925(a) Opinion, December 30, 2014, at 1.

Sewickley Township Zoning Hearing Board, Civil Division, No. 3771 of 2013, filed October 22, 2014.


_____
BERNARD L. McGINLEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Township of Sewickley | : |
| | : |
| v. | : |
| | : |
| Tracy Hampshire and David | : |
| Hampshire, a married couple; | : |
| and Sewickley Township Zoning | : |
| Hearing Board | : |
| | : |
| v. | : |
| | : |
| Jonathan C. Turik and Kelly A. | : |
| Turik, a married couple | : |
| | : |
| Appeal of: Tracy Hampshire and | :     No. 2117 C.D. 2014 |
| David Hampshire | : |

## **O R D E R**

AND NOW, this 28th day of January, 2016, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is affirmed.

_____
BERNARD L. McGINLEY, Judge

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
COMMONWEALTH OF PENNSYLVANIA – CIVIL DIVISION

TOWNSHIP OF SEWICKLEY, )
                                       )      No. 3771 of 2013
           Appellant, )
                                         )
      v. )
                                         )
TRACY HAMPSHIRE and )
DAVID HAMPSHIRE, a married couple, )
and SEWICKLEY TOWNSHIP )
ZONING HEARING BOARD, )
                                         )
           Appellees, )
                                         )
JONATHAN C. TURIK and KELLY )
A. TURIK, a married couple, )
                                         )
           Intervenors. )

## ORDER OF COURT

AND NOW, to wit, this 22nd day of October, 2014, the instant matter coming

before the Court on a land use appeal filed by the Township of Sewickley ("Appellant"),

wherein it appeals the June 26, 2013 decision of the Sewickley Township Zoning Hearing

Board (ZHB) holding that Ordinance 2012-6 constitutes an illegal spot zone. Upon careful

consideration of the entire record and the written briefs and oral arguments of each party,

the Court finds that the ZHB committed an error of law in reaching its holding. As such,

and based on the reasons set forth below, it is hereby **ORDERED, ADJUDGED** and

**DECREED** that the ZHB's decision is hereby **REVERSED** and that Ordinance 2012-6 is

hereby **UPHELD** as properly enacted by the Township of Sewickley.

Where a Court takes no additional evidence in a land use appeal, it is bound by the

findings of the governing body, which "shall not be disturbed by the court if supported by

substantial evidence." *53 P.S. § 11005OA*. The standard of review for the trial court is thus

1



limited to determining whether the governing body has committed an error of law or abused its discretion. *Rubino v. Millcreek Twp. Bd. of Sup'rs*, 83 A.3d 1154 (Pa. Commw. Ct. 2014).

Instantly, despite a Finding of Fact by the ZHB that the rezoned parcels would cause traffic and/or safety problems in the rezoned area, it is the Court's opinion that there is no credible evidence in the record to support such a finding.

As set forth in *Takacs v. Indiana Lake Borough Zoning Hearing Board*, 11 A.3d 587 (Pa. Cmwlth., 2010):

> When faced with a spot zoning challenge, a reviewing court must presume the zoning ordinance is valid and constitutional. The burden of proving otherwise is on the challenging party, who must show that the provisions are arbitrary and unreasonable and have no relation to the public health, safety, morals and general welfare.

*Takacs*, 11 A.3d at 592 (citations omitted).

The Appellees here have failed to sustain this burden. The only evidence offered in support thereof was from Appellee Tracy Hampshire, who questioned the potential for increased traffic and school bus issues that might result if the development were permitted to proceed. She conceded, however, that she is not a traffic engineer and that she did not consult with the same prior to her testimony. (5/22/13 T. pp 9-24). Furthermore, Appellee David Hampshire testified only to concerns regarding site conditions, such as soil samples, water runoff and asbestos. There is nothing in his testimony which addresses the issue of spot zoning. (5/22/13 pp. 25-26).

The court in *Takacs* illustrated typical examples of spot zoning and when it would be improper:

> Spot zoning is a singling out of one lot or a small area for different treatment from that accorded to similar surrounding land indistinguishable from it in

2

character, for the economic benefit or detriment of the owner of that lot. The most determinative factor in an analysis of spot zoning is whether the parcel in question is being treated unjustifiably different from similar surrounding land, thus creating an "island' having no relevant differences from its neighbors.

*Id.* (Citations omitted).

In the case at bar, the Appellees failed to offer any testimony at the ZHB hearing to sustain their burden of demonstrating that the rezoned parcels are indistinguishable from the surrounding land. There is no evidence in the record that the Appellee ZHB made the determination that the parcels affected by Ordinance No. 2012-6 were "singled out for treatment unjustifiably differing from that of similar surrounding land, thereby creating an 'island' having no relevant differences from its neighbors." *Salvatti v. Zoning Hearing Board of Adjustment of Kennedy Township*, 240 A.2d 534 (Pa.Super. 1968). As stated in *Takacs*, a reviewing court must presume that the zoning ordinance is valid and constitutional. *Id.* With no evidence to rebut this presumption, the Court finds that the Sewickley Township Board of Supervisors properly enacted Ordinance No. 2012-6 in accordance with applicable law. Consequently, the determination of the ZHB is hereby **REVERSED.**

FURTHER, in accord with Pa.R.C.P. 236(a)(2)(b), the Prothonotary is **DIRECTED** to note in the docket that the individual(s) listed below have been given notice of this Order.

BY THE COURT:

DAVID A. REGOLI, JUDGE

3

ATTEST:

Christina O'Brien, Prothonotary

cc: Daniel J. Hewitt, Esq., for Appellant
  John M. O'Connell, Jr., Esq., for Appellees, Tracy and David Hampshire
  Charles F. Wade, Esq., for Appellee, Sewickley Township Zoning Hearing Board
  Christopher P. Skatell, Esq., for Intervenors, Jonathan and KellyTurik
  Law Clerk

4